SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2982 PA (MANx) | Date | May 15, 2009 |
|---|---|---|---|
| Title | Tony Wingfield v. Target Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal ("Notice") filed by defendant Target Corporation ("Removing Defendant") on April 28, 2009.  (Docket No. 1.)  Removing Defendant[1/] asserts that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  Failure to comply with the statutory time limit bars removal.  See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).  As with all other requirements for removal jurisdiction, the defendant bears the burden

---

     [1/]    The second defendant, Eric Holm, asserts that he has not been served with the underlying state court complaint ("Complaint").  (See Holm Decl. ¶ 3.)

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–2982 PA (MANx) | Date | May 15, 2009 |
|---|---|---|---|

| Title | Tony Wingfield v. Target Corp., et al. | | |
|---|---|---|---|

of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

Removing Defendant previously removed this case on April 16, 2009. (See Case No. 09–2663.) In an April 21, 2009 Order, the Court explained that citizenship and residence are not the same, and remanded the case because Removing Defendant had established plaintiff Tony Wingfield's ("Plaintiff") residence, but not his citizenship. Then, "[o]n Thursday, April 23, 2009, Plaintiff's counsel, Nathaniel L. Martson, expressly confirmed that Plaintiff is a citizen of the State of California." (Notice ¶ 5.) Thus, Removing Defendant now alleges that the Notice is timely because it was filed "within thirty (30) days after Target first learned, on April 23, 2009, that there was sufficient diversity of citizenship to qualify for removal jurisdiction." (Notice ¶ 19.)

Here, Removing Defendant alleges that Plaintiff's counsel "confirmed" Plaintiff's citizenship, but does not allege receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is removable." 28 U.S.C. § 1446(b). Nor does Removing Defendant attach any such paper to the Notice. Because Removing Defendant failed to demonstrate that it received a paper establishing removability on April 23, 2009, the thirty-day time limit for removing did not restart on that date.

Therefore, the Notice must have been filed within thirty days of service. 28 U.S.C. § 1446(b). Plaintiff's Complaint was served on Removing Defendant on March 19, 2009 (Notice ¶ 2), but the Notice was filed more than thirty days later on April 28, 2009. While Defendant Holm states that he has not yet been served (Holm Decl. ¶ 3), in cases with multiple defendants, "[t]he majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint — the 'first-served' rule." McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000); see also United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). Accordingly, Removing Defendant failed to establish that it timely removed.

For the foregoing reasons, the Court remands this action to Los Angeles County Superior Court, Case No. BC408925. See 28 U.S.C. § 1447(c). The Court stays this Order until May 22, 2009. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before May 22, 2009. If Plaintiff instead prefers that this action be remanded to state court, he may simply decline to file a waiver of the procedural defect.

IT IS SO ORDERED.